UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| vs. | : | Case No. 1:16CR036 |
| JORY LEEDY, | : | Judge Black |
| Defendant, | : | |

## MOTION FOR ORDER REQUIRING LIVE IN-COURT TESTIMONY

Now comes the Defendant, Jory Leedy, by and through counsel, and hereby moves the Court for an Order requiring the alleged child victims in this case to testify live, in-court during the trial in this matter, based on the requirements of the Confrontation Clause of the Sixth Amendment to the United States Constitution. The grounds for this motion are contained in the attached memorandum in support.

Respectfully submitted,

DEBORAH WILLIAMS
FEDERAL PUBLIC DEFENDER

*s/ Richard Monahan*
Richard Monahan (0065648)
First Assistant Federal Public Defender
250 E. 5th Street, Suite 350
Cincinnati, Ohio 45202
(513) 929-4834

Attorney for Defendant
Jory Leedy

**MEMORANDUM IN SUPPORT**

The government has notified the defense that it intends to present the testimony of the two alleged child victims in this case by 2-way closed circuit television, pursuant to 18 U.S.C. § 3509((b). Mr. Leedy opposes this suggestion, and requests that the Court order that the witnesses testify live, in court, as required by the Confrontation Clause.

1. **Facts**

Mr. Leedy was indicted by the government for two counts of aggravated sexual abuse with children, in violation of 18 U.S.C. § 2241(c). The charges stem from allegations of child abuse over an 18 month period in 2014 and 2015 related to two children. The government has not disclosed any psychological testing that has been done related to the children, nor has the government provided any notice of an expert to establish that either child suffers from a mental or other infirmity, or would otherwise suffer from emotional trauma, as required by 18 U.S.C. § 3509(b).

2. **Argument**

The Confrontation Clause of the Sixth Amendment guarantees a defendant the right to "a face-to-face meeting with witnesses appearing before the trier of fact." Coy v. Iowa, 487 U.S. 1012, 1016 (1988). A narrow exception to this rule exists, however, in the context of child victims. The court may consider alternatives to the Sixth Amendment requirement where the government can establish a "compelling" interest in protecting minors from trauma. Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 607 (1982). To this end, if a court finds that the ensuing trauma to a child in requiring live, in-court testimony would "impair the child's ability to communicate," the Confrontation Clause allows the court to consider other means of permitting the testimony. Maryland v. Craig, 497 U.S. 836, 857 (1990). In this regard, the court must specifically find that

the presence of the defendant would cause the required trauma, as opposed to appearing in the courtroom generally, and that the emotional distress would be more than "mere nervousness or excitement or some reluctance to testify." Id. at 856.

After the decision in Craig, Congress enacted 18 U.S.C. § 3509(b), which established set considerations and procedures for district courts in handling child victim testimony. This Court should consider, however, that some of the more recent case law from the Supreme Court requires careful consideration of the practices outlined in § 3509(b). Most notably, the Court in Crawford v. Washington, 541 U.S. 36 (2004) effected a sea change in Confrontation Clause jurisprudence in striking down the long-standing test for determining when the Confrontation Clause required in-court testimony as related to hearsay statements of witnesses. In addition to striking down the precedent of Ohio v. Roberts, 448 U.S. 56 (1980), the Court further expounded on the continuing importance of the Confrontation Clause to the fact-finding process and its importance to the reliability of the evidence. The Court emphasized the need for evidence to be tested in the "crucible of cross examination." Id. at 61. In this regard, the Court provided that

> the Framers would not have allowed admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination. The text of the Sixth Amendment does not suggest any open-ended exceptions from the confrontation requirement to be developed by the courts. Rather, the "right . . . to be confronted with the witnesses against him" is most naturally read as a reference to the right of confrontation at common law, admitting only those exceptions established at the time of the founding.

Id. at 53-54.

Viewing § 3509(b) through this lens, it is clear that the government has no justifiable interest in requesting that the alleged child victims in this case testify other than live, in open court, as the Confrontation Clause requires. It has produced no evidence in discovery which tends to indicate that it can satisfy the stringent requirements of the Confrontation Clause, nor has it

responded with any expert evidence on the subject relative to the defense discovery requests. Accordingly, Mr. Leedy respectfully requests that this Court enter an Order that the alleged child victims in this case be required to testify live, in open court, in the trial of this matter.

**3. Conclusion**

Wherefore, Mr. Leedy respectfully requests that the Court order that the alleged child victims in this case testify live, in-court during the trial in this matter, based on the requirements of the Confrontation Clause of the Sixth Amendment to the United States Constitution.

Respectfully submitted,

DEBORAH WILLIAMS
FEDERAL PUBLIC DEFENDER

*s/ Richard Monahan*
Richard Monahan (0065648)
First Assistant Federal Public Defender
250 E. 5th Street, Suite 350
Cincinnati, Ohio 45202
(513) 929-4834

Attorney for Defendant
Jory Leedy

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon Christy Muncy, Assistant United States Attorney, via Electronic Case Filing, on this 9th day of August, 2016.

*s/ Richard Monahan*
Richard Monahan