# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:16-cr-036 |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| JORY LEEDY, | : | |
| | : | |
| Defendant. | : | |

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS

This criminal case is before the Court on Defendant's motion to suppress evidence (Doc. 22) and supplemental memorandum (Doc. 49), and the Government's responses in opposition (Docs. 29, 62).

## I. BACKGROUND

On April 20, 2016, Defendant Jory Leedy was charged by way of Indictment with two counts of aggravated sexual abuse of a child under the age of twelve, in violation of 18 U.S.C. § 2241(c). (Doc. 11). A superseding indictment, filed on December 21, 2016, added one additional count of the same offense. (Doc. 51).

On April 11, 2016, as part of the underlying investigation, Task Force Officer Donald Minnich sought and obtained a search warrant from a federal magistrate judge, authorizing a search of Defendant's home and vehicle, as well as any computers, cameras, or similar media devices. (Doc. 29, Ex. 1 at 1-5). TFO Minnich asserts in his affidavit that "there is probable cause to believe that violation of Title 18, United States Code, § 2241 [*i.e.*, aggravated sexual abuse of a minor] has been committed, and evidence of those violations is located in the residence and vehicle described in

Attachment B." (*Id*. at 15). The affidavit also includes an attached list of items to be seized, including, *inter alia*, computers, cameras and other recording equipment, electronic storage devices, as well as photographs, notes, records, etc., specifically relevant to the allegations. (*Id*. at 16-18, Att. A).

The affidavit identifies the places to be searched as "the residential property located at 97 Arlington Ave., Franklin, Ohio 45005 (the SUBJECT PREMISES) and [] the vehicle described as a White Ford Freestyle, Ohio License Plate Number EVT5914 (the SUBJECT VEHICLE)." (*Id*. at 5).[1] TFO Minnich further explains that he undertook various database searches and conducted follow-up confirmation, all verifying that Defendant resided at the subject premises and that he was the registered owner and known driver of the subject vehicle. (*Id*. at 11).

TFO Minnich's affidavit also details the information and allegations establishing probable cause, based on the investigation at the time.

Defendant now seeks suppression of the evidence obtained during the execution of the search warrant, arguing that the warrant was insufficient under the Fourth Amendment. (Docs. 22, 49).

## II. STANDARD OF REVIEW

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," by providing that "no Warrants shall issue, but upon probable cause, supported by Oath or

---

[1] The property and vehicle are more fully described in Attachment B of the Affidavit. (Doc. 29-1, Ex. 1 at Att. B).

affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

"The exclusionary rule prohibits the admission of evidence seized in searches and seizures that are deemed unreasonable under the Fourth Amendment, as well as derivative evidence acquired as a result of an unlawful search." *United States v. Kennedy*, 61 F.3d 494, 497 (6th Cir. 1995) (citing *Wong Sun v. United States*, 371 U.S. 471, 484-85 (1963)). The exclusionary rule serves to deter law enforcement from obtaining evidence by unconstitutional means. *Nix v. Williams*, 467 U.S. 431, 442-43 (1984). So critical is the goal of deterring violations of constitutional and statutory protections that exclusion is the appropriate remedy "notwithstanding the high social cost of letting persons obviously guilty go unpunished for their crimes." *Id.* at 443.

A defendant may seek the suppression of evidence by filing a pretrial motion with the Court. Fed. R. Crim. P. 12(b)(3)(C). "It is well settled that in seeking suppression of evidence the burden of proof is upon the defendant to display a violation of some constitutional or statutory right justifying suppression." *United States v. Patel*, 579 F. App'x 449, 453 (6th Cir. 2014) (citing *United States v. Rodriguez–Suazo*, 346 F.3d 637, 643 (6th Cir. 2003)).

### III. ANALYSIS

The Fourth Amendment requires that a warrant set forth "probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "Probable cause is a

reasonable ground for belief supported by less than prima facie proof but more than mere suspicion." *United States v. Blair*, 524 F.3d 740, 748 (6th Cir. 2008).

"In deciding whether an affidavit establishes probable cause, '[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him … there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Sinclair*, 631 F. App'x 344, 348 (6th Cir. 2015) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

When reviewing the sufficiency of an affidavit, "reviewing courts are to accord the magistrate's determination 'great deference.'" *United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000) (quoting *Gates*, 462 U.S. at 236). Moreover, the Court must limit its examination to the information contained within the four corners of the affidavit, taking into account, however, the totality of the circumstances. *United States v. Dyer*, 580 F.3d 386, 390 (6th Cir. 2009) (citing *Gates*, 462 U.S. at 230).

Here, Defendant raises four arguments in support of his motion to suppress: (1) the warrant did not provide a sufficient nexus to Defendant's home; (2) the warrant was lacking in probable cause to believe that the crime identified had been committed; (3) the warrant was overbroad; and (4) the affidavit in support of the warrant failed to disclose material information, which would have negated probable cause. Defendant also requests a *Franks* hearing in relation to his fourth argument.

### A. The Warrant Contains a Sufficient Nexus Between the Evidence Sought and the Place to be Searched

Defendant argues that "the search warrant does not aver that any illegal conduct actually occurred at [Defendant's] residence," and that the limited reference made to the residence is insufficient to "suggest[] that evidence may be found at the residence based on a crime occurring there." (Doc. 22 at 8). Defendant acknowledges that the affidavit includes allegations that Defendant took pictures of the minors, but suggests that "there is not sufficient indication in the warrant or reason to believe that the pictures were preserved or that they would be found at the residence." (*Id.*)

To obtain a search warrant, the affidavit must demonstrate "a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238. Thus, the "affidavit must establish a nexus between the place to be searched and the evidence sought." *United States v. Elbe*, 774 F.3d 885, 889 (6th Cir. 2014) (citing *United States v. Carpenter,* 360 F.3d 591, 594 (6th Cir. 2004) (en banc)). "That nexus can be inferred from 'the type of crime being investigated, the nature of things to be seized, the extent of an opportunity to conceal the evidence elsewhere and the normal inferences that may be drawn as to likely hiding places.'" *Id*. at 889-90 (quoting *United States v. Williams,* 544 F.3d 683, 687 (6th Cir. 2008)).

Here, Defendant argues that the affidavit fails to allege a crime occurred <u>in his home</u>. This is accurate: TFO Minnich never stated that the alleged conduct occurred within Defendant's home. However, no such allegation is necessary. Indeed, there is no requirement that the location to be searched must be where the offense occurred, but

5

rather where *evidence of the offense may be found*. Thus, Defendant's argument fails as a matter of law.

Moreover, contrary to Defendant's assertion, the affidavit sets forth a sufficient nexus to the home. Specifically, the allegations contained in the affidavit are that Defendant committed the offenses against the minors on occasions where he, alone, took the minors on overnight trips. As demonstrated by the list of items to be seized, a primary focus of the search was to obtain evidence of those trips (*e.g.*, pictures, correspondence, travel logs, invoices, etc.) and the alleged conduct (*e.g.*, pictures, videos, recording equipment, etc.).

Further, the affidavit sets forth a sufficient basis to conclude that such evidence will be located in Defendant's home or vehicle. Specifically, as to photographs and videos, the affidavit states that:

> The boys stated that LEEDY would often photograph and video them during the various trips they took. LEEDY made a video compilation which showed all the trips that he took with MV1 and MV2. The video was provided [to] their mother on a compact disc. In addition, when contact was cut off between LEEDY and the boys, he emailed the video to a child protective services employee in an attempt to show how well he treated the boys. The video has dates and locations where the trips were taken. LEEDY took photographs on the trips as well, which he sent to their mother using his cellular telephone.

(Doc. 29-1 at 13-14). Given Defendant's email and text dissemination of the images and videos—including a video compilation, which one can reasonably conclude was created on his personal computer—it was very likely that the evidence still existed, in some form, in Defendant's home. *United States v. Terry*, 522 F.3d 645, 648 (6th Cir. 2008) ("district

6

court did not err in concluding that 'as a matter of plain common sense, if … [an] image has originated or emanated from a particular individual's email account, it logically follows that the image is likely to be found on that individual's computer or on storage media associated with the computer'"). Further, the nature of the evidence sought—*e.g.*, images, videos, travel records and documents, personal correspondence, etc.—quite reasonably gives rise to the inference that the evidence would be found in Defendant's home. *See Elbe*, 774 F.3d at 889-90.

The Court finds that TFO Minnich's affidavit establishes a sufficient nexus between the evidence sought and the location to be searched.

**B. There is Probable Cause as to the Identified Offense**

Defendant also argues that the information contained in the affidavit is insufficient to establish probable cause that the identified offense—aggravated sexual abuse of a minor, in violation of 18 U.S.C. § 2241—occurred. (Doc. 22 at 8-9). Specifically, Defendant asserts that:

> The only crime listed in the search warrant in this case is 18 U.S.C. § 2241, Aggravated Sexual Abuse of Minor. This statute makes it a crime to "cross a state line with intent to engage in a sexual act with a person who has not attained the age of 12 years" and to "knowingly engage in a sexual act" with such minor. 18 U.S.C. § 2241(c).
>
> The warrant in this case quite simply fails to provide evidence to establish probable cause to believe that a sexual act with a minor occurred outside the State of Ohio. The warrant mentions out of state travel and it also references sex acts, but it does not make a connection or sufficiently aver that a specific sex act actually occurred outside Ohio.

(Doc. 22 at 9). The Court disagrees.

As an initial matter, the relevant proscription under 18 U.S.C. § 2241(c) is "cross[ing] a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years…." There is no requirement that the sexual act occur. Thus, even if the affidavit failed to allege sexual acts occurred outside of Ohio, the point would not be fatal.

Regardless, here, the affidavit <u>expressly</u> states that the minors allege sexual misconduct occurred in states other than Ohio. For example, TFO Minnich states that "two male juveniles, 10 and nine years of age (hereinafter MV1 and MV2), had <u>disclosed being sexually assaulted by [Defendant] … [and] stated the abuse</u> took place over the course of two years and <u>occurred in numerous jurisdictions and several different states</u>." (Doc. 29-1 at 9) (emphasis added). The affidavit further details that Defendant and the minors stayed overnight in hotels in Ohio <u>and</u> in other states. *E.g.*, *id.* at 8 ("They spent a night in a hotel in Kentucky. … On the way to Florida, they spent a night at a Motel 6, located at 742 Highway 53 East SE, Calhoun, Georgia 30701"). The affidavit then states that, "MV2 disclosed that <u>every time</u> they stayed at a hotel, LEEDY would touch them … [and] LEEDY began to suck on their privates when they were at the hotels." (*Id*. at 12) (emphasis added).

Thus, the affidavit expressly details the out-of-state travel, which constitutes an element of the identified offense, *i.e.*, aggravated sexual abuse of a minor, in violation of 18 U.S.C. § 2241. Moreover, the information contained in the affidavit establishes probable cause to believe that evidence of the § 2241 offense—which evidence is

identified in Attachment A of the warrant—will be found in Defendant's home and/or vehicle. Accordingly, suppression is not warranted.

### C. The Warrant is Not Overbroad

Next, Defendant argues that "the government sought a broad sweeping search for all of the items listed in Attachment A to the search warrant … [y]et the affidavit to the warrant fails to explain how evidence related to the crime will be found among those items." (Doc. 22 at 9-10).

The Fourth Amendment requires that a search warrant "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "The particularity requirement eliminates the 'danger of unlimited discretion in the executing officer's determination of what is subject to seizure….'" *United States v. Blakeney*, 942 F.2d 1001, 1026 (6th Cir. 1991) (quoting *United States v. Savoca,* 761 F.2d 292, 298–99 (6th Cir. 1985)). Moreover, the degree of particularity "will vary with the circumstances of the case, [and the description of the items seized] will be valid if it is as specific as the circumstances and the nature of the activity under investigation permit." *United States v. Meeks*, 290 F. App'x 896, 903 (6th Cir. 2008) (quoting *Guest v. Leis*, 255 F.3d 325, 336 (6th Cir. 2001)).

As this Court previously found, *supra*, the affidavit sufficiently sets forth information relevant to the elements of the identified offense. Moreover, the warrant lists the items to be searched and, where able and appropriate, specifically limits the search to only those items relevant to the allegations in the affidavit.

For instance, Attachment A lists "all notes, documents, records, or correspondence … <u>pertaining to the travel of LEEDY described in the Affidavit</u>." (Doc. 29-1 at 16, ¶ 3) (emphasis added). Attachment A further identifies "all originals, computer files, copies, and negatives of photographs or videos <u>taken on trips described in the Affidavit</u>." (*Id*. at ¶ 4) (emphasis added). Also included are "all diaries, address books, names, and lists of names and address of individuals who may have been contacted … <u>for the purpose of arranging or documenting the trips described in in the Affidavit</u>." (*Id*. at ¶ 5) (emphasis added).

Moreover, the Court finds that even the items identified generally are appropriate, as a more specific description would not have been possible under the circumstances. In short, this Court concludes that the items listed in Attachment A are described "as specific[ally] as the circumstances and the nature of the activity under investigation permit." *Meeks*, 290 F. App'x at 903.

Accordingly, the search warrant was not overbroad.

**D. *Franks* Hearing is Not Warranted**

Finally, Defendant requests a *Franks* hearing, arguing that material information was omitted from the affidavit, thereby undermining the probable cause determination. (Doc. 22 at 10-12; Doc. 49).

An affidavit in support of a search warrant is presumed valid. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). However, if "the supporting affidavit contains a statement, <u>necessary to the finding of probable cause</u>, that is later demonstrated to be false and included by an affiant knowingly and intentionally, or with a reckless disregard

10

for the truth," then the search warrant is invalid. *United States v. Duval*, 742 F.3d 246, 250 (6th Cir. 2014) (citing *Franks*, 438 U.S. at 155-56) (emphasis added). The same holds true if the affiant knowingly and intentionally, or with reckless disregard, omits material information, the inclusion of which would have negated the finding of probable cause. *United States v. Fowler*, 535 F.3d 408, 415 (6th Cir. 2008).

A defendant is entitled to an evidentiary hearing under *Franks v. Delaware*, in order to challenge the validity of the search warrant, <u>only if</u>: (1) the defendant makes a "substantial preliminary showing" that the affiant made a false statement or omitted information, knowingly and intentionally, or with a reckless disregard for the truth; and (2) the alleged false statement was necessary to, or inclusion of the omitted information would have negated, the finding of probable cause. 438 U.S. at 155-56; *Fowler*, 535 F.3d at 415.

To make a substantial preliminary showing, "the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine." *Franks*, 438 U.S. at 171. Accordingly, "there must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." *Id.* Notably, "there is a higher bar for obtaining a *Franks* hearing on the basis of an allegedly material omission as opposed to an allegedly false affirmative statement." *Fowler*, 535 F.3d at 415.

However, even if the defendant has met all requirements for a *Franks* hearing, if the Court finds that the false or omitted information would not have changed the probable cause determination, no hearing is required. *Franks*, 438 U.S. at 171-72.

Here, Defendant argues that the affidavit should have informed the magistrate judge that, during the first forensic interview, the minors denied that any sexual abuse occurred outside the state of Ohio. (Doc. 22 at 10). Moreover, Defendant asserts the affidavit should have disclosed that, prior to the forensic interviews, "the children were fed much of the information they detailed," and that the minors' parents, as well as their case worker, exposed them to information regarding Defendant's criminal history and past conduct. (*Id*. at 11; Doc. 49). Defendant further argues that the affidavit should have detailed that the case worker, Alina Whittaker, showed or read a document to the minors, which document Ms. Whittaker subsequently destroyed. (*Id*.)[2]

The Court agrees that this information was not contained in the affidavit, but finds that, even if the omitted information were included, it would not have changed the probable cause determination.

First, it is hardly surprising that two children (ages nine and ten at the time) may not have freely and openly disclosed—to a complete stranger conducting a forensic interview—all of the details of the minors' alleged sexual abuse. While any such inconsistencies may be fodder for cross-examination at trial, it is hardly sufficient here to undermine probable cause. This is so, in particular, given that the affidavit in this case contains an overwhelming amount of information to support a finding of probable cause.

Second, the fact that the minors were aware of Defendant's criminal history and prior conduct does not render their own disclosures false. Defendant asserts that the

---

[2] This Court's prior Order (Doc. 81) details the circumstances surrounding the destroyed document, as well as the allegations that the minors were coached.

12

similarity between the minors' disclosures and Defendant's past conduct evidences that the minors' disclosures were merely recitations of the information they heard, rather than truthful statements about actual abuse they had endured. However, any similarities could just as easily evidence a pattern of conduct by Defendant, which would only further support a finding of probable cause.

Because the omitted information would not have changed the probable cause determination, the Court finds that no *Franks* hearing is warranted.

## IV.  CONCLUSION

Based upon the foregoing, Defendant's motion to suppress (Doc. 22) is **DENIED**.

**IT IS SO ORDERED.**

Date:  January 16, 2019

*/s/ Timothy S. Black*
Timothy S. Black
United States District Judge