# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:16-cr-036 |
| vs. | : | Judge Timothy S. Black |
| JORY LEEDY, | : | |
| Defendant. | : | |

### ORDER:
### (1) FINDING MOTION TO STRIKE SURPLUSAGE PREMATURE; AND
### (2) DEFERRING UNTIL CONVICTION, IF ANY, A DETERMINATION AS TO THE APPLICABILITY OF THE PENALTY ENHANCEMENT

This criminal case is before the Court on Defendant's motion to strike surplusage (Doc. 41), and the parties' responsive memoranda (Docs. 60, 64).

## I. BACKGROUND

On April 20, 2016, Defendant Jory Leedy was charged by way of indictment with two counts of aggravated sexual abuse of a child under the age of twelve, in violation of 18 U.S.C. § 2241(c). (Doc. 11). A superseding indictment, filed on December 21, 2016, added one additional count of the same offense. (Doc. 51).

Counts 2 and 3 of the Superseding Indictment charge that:

> Between March 1, 2014 and September 1, 2015, in the Southern District of Ohio, the defendant, JORY LEEDY, after having been convicted of Gross Sexual Imposition Involving a Child less than 13 years of age, in Case Number 2002CR02271, Montgomery County (OH), did knowingly cross a State line with intent to engage in a sexual act, as defined in 18 U.S.C. § 2246, with a person who had not

attained the age of 12 years, to wit, Minor 1 [Minor 2], and attempted to do so.

(*Id.*)[1]

Typically, the offense of aggravated sexual abuse under 18 U.S.C. § 2241(c) carries a mandatory minimum of 30 years imprisonment, up to life. However, the statute provides an enhanced penalty applicable to recidivist offenders, calling for a mandatory life sentence if the defendant was previously convicted of a qualifying offense.[2]

Defendant filed the instant motion, arguing that the references in Counts 2 and 3 to his prior conviction constitute "surplusage" and should be stricken. (Doc. 41).[3] The Government asserts that Defendant's motion seeks an advisory opinion from the Court and is not ripe for decision at this time. (Doc. 71).

## II. STANDARD OF REVIEW

"Unnecessary allegations [in the indictment] are 'surplusages' and can be ignored." *Gambill v. United States*, 276 F.2d 180, 181 (6th Cir. 1960). Pursuant to Fed. R. Crim. P. 7(d), the Court may also choose to strike surplusage from an indictment, upon the defendant's motion. Ultimately, however, "[t]he insertion of surplus words in the

---

[1] Counts 2 and 3 of the Superseding Indictment are identical, with the exception that Count 2 applies to Minor 1 and Count 3 applies to Minor 2.

[2] Section 2241(c) states, in relevant part: "If the defendant has previously been convicted of another Federal offense under this subsection, or of a State offense that would have been an offense under either such provision had the offense occurred in a Federal prison, unless the death penalty is imposed, the defendant shall be sentenced to life in prison."

[3] Defendant's motion actually references Counts 1 and 2 of the Indictment, because the motion was filed before the Indictment was superseded. (Doc. 41). The Superseding Indictment did not change the substance or language of the two counts, but simply re-designated them as Counts 2 and 3. Therefore, this Order refers to Counts 2 and 3 of the Superseding Indictment.

indictment does not change the nature of the offense charged." *Bridges v. United States*, 346 U.S. 209, 223 (1953).

### III. ANALYSIS

Defendant argues that reference to his prior conviction, contained in Counts 2 and 3 of the Superseding Indictment, constitutes "surplusage" and should be stricken. (Doc. 41). Specifically, Defendant asserts that his prior convictions do not qualify as predicate offenses under 18 U.S.C. § 2241(c) and, therefore, he is not subject to the statutory enhanced penalty. (*Id.* at 2). Defendant further argues that, if his prior conviction is not a qualifying offense, then the inclusion of the language in the Superseding Indictment "merely serves as inflammatory and prejudicial material." (Doc. 64 at 3).

In response, the Government argues that whether Defendant's prior conviction qualifies as a predicate offense is a question relevant to sentencing, which in turn is contingent upon Defendant's conviction on either Counts 2 or 3. (Doc. 60). Thus, the Government argues that the applicability of the enhancement is not yet ripe for decision.

"The Constitution does not extend the 'judicial Power' to any legal question, wherever and however presented." *Warshak v. United States*, 532 F.3d 521, 525 (6th Cir. 2008). Rather, "Article III … limits the jurisdiction of federal courts to consideration of actual cases and controversies, and federal courts are not permitted to render advisory opinions." *Arnett v. Myers*, 281 F.3d 552, 562 (6th Cir. 2002). When a claim is brought too early, it is considered unripe for adjudication. *Warshak*, 532 F.3d at 525.

More specifically, "[a] claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v.*

3

*United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–581 (1985)). "The ripeness doctrine serves to 'avoid[ ] … premature adjudication' of legal questions and to prevent courts from 'entangling themselves in abstract' debates that may turn out differently in different settings." *Warshak*, 532 F.3d at 525 (quoting *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807 (2003)).

In assessing whether a claim is ripe for decision, the Court must consider: (1) the fitness of the issue for judicial review, *i.e.*, whether "it arises in a concrete factual context and concerns a dispute that is likely to come to pass,"; and (2) the hardship imposed upon the parties should the Court withhold its consideration of the issue. *Warshak*, 532 F.3d at 525-26 (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967)).

Here, the issue of whether the penalty enhancement applies is a matter relevant to sentencing. Indeed, the prior conviction is not an element of the offense charged. And while the applicability of the enhancement certainly impacts the *consequences* of conviction, it does not affect the nature of the charges.

Moreover, assuming the case proceeds to trial, this Court has no intention of presenting the Superseding Indictment to the jury. Accordingly, there is no concern that any specific language used in the Superseding Indictment, surplus or not, will prejudice Defendant.

Finally, the Court disagrees with Defendant's assertion that failure to adjudicate this issue in advance of trial effectively undermines his fair notice of the charges against him. Defendant is aware of the charges he faces in this case. The question he seeks

4

answered is what his sentence will be if he is convicted. The Court cannot yet be responsive to this inquiry. However, Defendant is not uniquely disadvantaged in this regard. Indeed, a defendant's uncertainty as to his potential sentence exists in every criminal case.[4]

In short, the Court finds that the applicability of the recidivist enhancement in this case is not yet ripe for decision, as adjudication of the matter is contingent upon a future event, *i.e.*, conviction, which may not occur. Accordingly, the Court defers its determination of the issue until the matter is ripe for decision, if ever.

### IV. CONCLUSION

Based upon the foregoing, the Court finds that, in substance, Defendant's motion to strike surplusage (Doc. 41) is not ripe for decision at this time. Accordingly, the Court defers a determination as to the applicability of the sentencing enhancement until after conviction, if any.[5]

**IT IS SO ORDERED.**

Date: February 14, 2019                                *s/ Timothy S. Black*
                                                       Timothy S. Black
                                                       United States District Judge

---

[4] It also bears noting that if the Court were to entertain pretrial adjudication of sentencing enhancements, that decision may serve to discourage the Government from providing pretrial notice of potential enhancements in future criminal cases unless statutorily obligated to do so.

[5] Should the matter become ripe for decision, *i.e.*, upon conviction, Defendant is granted leave to file, at that time, a motion seeking determination as to the applicability of the enhancement.