IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | CASE NO.:  1:16-CR-036 |
| v. | : | |
| | : | |
| | : | HON. TIMOTHY S. BLACK |
| JORY LEEDY, | : | |
| | : | |
| Defendant. | : | |

### MOTION OF THE UNITED STATES TO EXCLUDE THE TESTIMONY OF PROPOSED EXPERT DAVID MICHAEL LOWENSTEIN, PH.D.

Comes now, the United States of America, and respectfully moves to exclude the testimony of proposed defense expert David Michael Lowenstein, Ph.D., because the defendant has failed to comply with his obligations under Federal Rule of Criminal Procedure 16. Despite numerous requests from the government over a three-year period, defense counsel waited until the eleventh hour to disclose this expert witness. The disclosure is not only untimely; it is also inadequate. The disclosure consists of one vague assertion about Dr. Lowenstein's purported expertise and one statement explaining what he reviewed, followed by several barebones conclusions. Rule 16 requires much more than that. The disclosure's inadequacy compounds the prejudice to the United States from its belatedness because counsel for the government lacks both the time and basis upon which to evaluate Dr. Lowenstein's proposed testimony under Federal Rule of Evidence 702, cross-examine him, or locate a witness to rebut his testimony.

### BACKGROUND

On April 20, 2016, a federal grand jury returned a two-count indictment against Defendant Jory Leedy alleging violations of 18 U.S.C. § 2241(c). On May 13, 2016, the United States provided initial discovery to defense counsel.  (*See* Government Exhibit 1.) The

production included the videotaped interviews of the minor victims that Dr. Lowenstein has reviewed and on which he plans to opine.

In its discovery letter, the United States put the defendant on notice of its intent to call an expert in computer forensics, stating in relevant part:

> The government intends to call an expert in computer forensics during its case in chief. The government reserves the right to call additional expert witnesses who may be identified at a later date. In the event such reports and/or opinions are generated, the government will provide counsel for the defense with a written summary pursuant to the rules.
>
> Having made the above disclosures, the government hereby demands a written summary of expert testimony that the defense reasonably expects to offer at trial pursuant to Rules 702, 703, or 705 of the Federal Rules of Evidence.

(*Id.*) In addition to the above disclosure, the United States provided a disc to the defense containing all of the computer forensic expert's findings.

On January 12, 2017, the United States provided additional discovery to defense counsel. (*See* Government's Exhibit 2.) Having received no reciprocal discovery as of that date, the United States renewed its request:

> Pursuant to Rule 16(b), the United States is again requesting the defense provide any and all documents, objects, reports, examinations or information related to expert witnesses. We would be happy to coordinate a time to meet with you to discuss any remaining discovery issues, if any.

(*Id.*)

On May 14, 2019, defense counsel contacted counsel for the United States to inquire about the anticipated length of the United States' case-in-chief. The United States indicated that its case would likely conclude by the first Thursday of trial (June 6, 2019). The United States then inquired the same of defense counsel, to which he responded: "2 days, maybe." The United

States, still having received no documents or reports of any kind, reminded counsel that such information had first been requested approximately three years ago.

On May 20, 2019, after filing proposed jury instructions, defense counsel emailed to counsel for the government a disclosure letter identifying Dr. Lowenstein as a potential expert who would provide testimony involving the "forensic interviewing of children in cases involving sexual abuse and the suggestibility of child witnesses." (*See* Government's Exhibit 3, Def. Ex. Discl., May 20, 2019). The disclosure letter states that Dr. Lowenstein will "testify that the stories the minors told changed significantly between the first forensic interview and the second forensic interview." *Id.* The letter further states that Dr. Lowenstein will "testify that there is evidence that the boys [Minors 1 and 2] were coached about what to say regarding the alleged abuse" and "that the forensic interviews" and the "family of the minors" improperly influenced the minors. *Id.* The letter provides no bases for these conclusions. *Id.* Moreover, although the disclosure included Dr. Lowenstein's CV, it did not include any reports or other documents.

That same date (May 20, 2019), during a prearranged meeting to discuss any remaining discovery issues, counsel for the United States requested a copy of any and all reports made by Dr. Lowenstein. Defense counsel stated there were none. Counsel for the government then asked defense counsel whether he was affirmatively stating that no written document of any kind had been produced by the proposed expert. Defense counsel reiterated that no such document existed and that the expert's opinions were relayed verbally. Defense counsel further indicated that Dr. Lowenstein "just looked at the videos recently." When asked to provide a more specific timeframe, defense counsel advised that the review occurred "over the last few weeks."

On May 21, 2019, defense counsel contacted counsel for the United States and stated that Dr. Lowenstein had, in fact, provided a written document to prior defense counsel in July of

3

2016, which was then turned over to current counsel upon his appointment. Defense counsel claimed that the document—or some of it—constituted "work product" and would not be produced. Defense counsel indicated that he intended to present the document to the Court for *in camera* inspection at the final pretrial conference.

## ARGUMENT

**I.      The Testimony of Dr. Lowenstein Should Be Excluded Because Defendant Failed to Comply with Federal Rule of Criminal Procedure 16(b)(1)(C).**

Federal Rule of Criminal Procedure 16(b)(1)(C) provides that the "defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rule[] 702 . . . of the Federal Rules of Evidence . . ." The purpose of Rule 16(b)(1)(C) is to "minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Fed. R. Crim. P. 16 Adv. Comm. Notes (1993 Amendments). Although the Rule does not mandate disclosure by a specific date, the Advisory Committee Notes make clear that discovery is to be provided in a "timely fashion" to avoid prejudicial surprise. *See e.g.,* Rule 16 Advisory Committee Notes (1993 Amendments).

The United States made its expert disclosure in May 2016 and first requested reciprocal expert discovery at that time. Despite the government's repeated requests (over the past three years) for reciprocal expert discovery, the defendant waited until two weeks before trial to disclose its expert. As a result, the motion *in limine* deadline has passed, and there is scarcely any time for the United States to determine whether this expert meets the requirements of Rule 702, let alone prepare for cross-examination or identify a witness who can rebut the testimony and who is available to testify on such short notice.

4

Defense counsel has provided no explanation for his belated disclosure. Indeed, given the information known to the government, the delayed disclosure appears intended to *maximize* surprise and *deprive* the government a fair opportunity to test the merit of the expert's testimony. *See* Fed. R. Crim. P. 16 Adv. Comm. Notes (1993 Amendments) (purpose of Rule 16(b)(1)(C) is to "minimize surprise" and "provide the opponent with a fair opportunity to test the merit of the expert's testimony"). The Court should not tolerate such gamesmanship.

In addition to being untimely, the disclosure is grossly inadequate. Rule 16(b)(1)(C) requires the written summary to "describe the witness's opinions [and] the bases and reasons for those opinions . . . ." *Id.* (emphasis added). The disclosure fails to meet these basic requirements. No expert report has been provided. Instead, in a few sentences, defense counsel asserts that Dr. Lowenstein will testify that the minor victims were "coached" and that forensic interviews and family members "improperly influenced" the minor victims. (*See* Government's Exhibit 3.) The letter does not provide any bases or reasons for those opinions, let alone explain the specialized knowledge or principles undergirding them. Due to these deficiencies, the United States does not have a proper basis upon which to evaluate Dr. Lowenstein's proposed testimony, prepare to cross-examine him, or identify an appropriate witness to rebut his testimony.

The importance of Rule 16's disclosure requirements is underscored by the Court's ability to exclude proposed expert testimony for noncompliance. Rule 16 provides that "[i]f a party fails to comply with this rule, the court may . . . prohibit a party from introducing the undisclosed evidence or . . . enter any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2). When selecting a proper sanction for a discovery violation, the Court should consider: (1) the reasons for the delay in producing the materials, including whether the party acted intentionally or in bad faith; (2) the degree of prejudice, if any; and (3) whether the

5

prejudice can be cured with a less severe course of action, such as granting a continuance or a recess. *See United States v. Maples*, 60 F.3d 244, 247 (6th Cir. 1995). Courts should generally seek to impose "the least severe sanction necessary" and try to limit suppression of evidence. *United States v. Pittman,* 816 F.3d 419, 427 (6th Cir. 2016).

Although preclusion of an expert witness is a severe sanction, it is warranted under these circumstances given the defendant's unjustifiable delay in disclosing the expert witness, the deficient nature of the disclosure, the prejudice to the United States if the defendant's expert is permitted to testify, and the need to bring the defendant to trial. Courts have consistently upheld the exclusion of defense expert testimony when confronted with similar violations of Rule 16(b)(1)(C). *See United States v. Hoffecker*, 530 F.3d 137, 184-88 (3d Cir. 2008) (affirming exclusion of defense experts disclosed three business days prior to jury selection and 34 months after indictment because "the notice was late and deficient"); *United States v. Petrie*, 302 F.3d 1280, 1288-89 (11th Cir. 2002) (affirming exclusion of defense expert disclosed on Friday before Monday trial, and 18 months after indictment "based on the lateness of notice to the government"); *United States v. Holmes*, 670 F.3d 586, 597-99 (4th Cir. 2012) (affirming exclusion of expert testimony where defendant disclosed expert witness several days before trial, government expressed concern about its ability to prepare adequate cross-examination and locate rebuttal expert in time of trial, and defendant did not provide bases and reasons for expert's proposed testimony); *United States v. Pittman*, 816 F.3d 419, 424-25 (6th Cir. 2016) (affirming exclusion of expert testimony where defendant failed to give government written summary of testimony, defendant failed to provide good explanation for lack of notice, and court had already permitted four-year delay between indictment and trial); *United States v. Anderson-Bagshaw*, 509 F. App'x 396, 410-11 (6th Cir. 2012) (affirming exclusion of expert testimony where

defendant's summary "failed to specify the bases for [the expert's] opinions"); *United States v. Campbell*, 81 F. App'x 532, 535 (6th Cir. 2003) (affirming exclusion of expert testimony where defendant failed to disclose the witness); *see also United States v. Moya*, 748 F. App'x 819, 821-27 (10th Cir. 2018) (affirming exclusion of government expert disclosed two weeks prior to trial where government did not provide a legitimate reason for delay, late notice prejudiced defendant's ability to cross-examine expert, and continuance would not have been feasible due to the parties' and the court's scheduling concerns).

**II.     If the Court Does Not Exclude the Expert Testimony, an Immediate *Daubert* Hearing is Required.**

If the Court does not exclude the testimony of Dr. Lowenstein, it should schedule an immediate *Daubert* hearing to determine whether it is properly admissible. Federal Rule of Evidence 702 governs the testimony of expert witnesses. It provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

This rule, as amended in 2000, reflects the Supreme Court's decisions in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael,* 119 S.Ct. 1167 (1999). Fed. R. Evid. 702 Adv. Comm. Notes (2000 Amendments).

For expert testimony to be admissible, (1) the expert must be qualified; (2) his testimony must be relevant; and (3) his testimony must be reliable. *United States v. LaVictor*, 848 F.3d 428, 441 (6th Cir. 2017). The proponent of the testimony must establish admissibility by a preponderance of the evidence. *United States v. LeBlanc*, 45 F. App'x 393, 400 (6th Cir. 2002)

7

(citing *Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244, 251 (6th Cir. 2001)). A *Daubert* hearing is necessary for the Court to make these determinations and to properly perform its gatekeeping role. For such a hearing to be effective, however, the defendant must first supplement his expert disclosure to correct the deficiencies identified above.

First, it is unclear whether Dr. Lowenstein is qualified to testify. To date, the defendant has not provided the United States with any information about Dr. Lowenstein's experience regarding the forensic interviewing of minor sex abuse victims. And although defense counsel provided Dr. Lowenstein's resume, it does not appear that Dr. Lowenstein has published on the topic. Likewise, it is not clear whether Dr. Lowenstein has significant experience conducting forensic interviews of minor sex abuse victims. A hearing is necessary to determine whether Dr. Lowenstein's opinions are adequately supported by relevant expertise. *See LeBlanc*, 45 F. App'x at 401 (observing that effort to establish proposed defense witness's expertise in child interviewing techniques and the suggestibility of children "was less than compelling" and finding it was "not surprising that the district court was not convinced that [the proposed expert's] opinions were adequately supported by his expertise").

A hearing is also necessary to determine whether Dr. Lowenstein's proposed testimony is relevant and will assist the trier of fact. First, due to the vague and conclusory nature of the disclosure, it is unclear whether the proposed testimony even "fits" the facts of this case. *See id.* at 401 (observing that the defendant failed to demonstrate the "fit" between proffered testimony of expert and a fact at issue). For example, before a defense expert may testify about improper interview techniques, the defendant must first demonstrate that the improper techniques were used with the minor victim. *Id.* at 401 ("[W]ithout any showing whatsoever that improper techniques were used with [the minor victim], [the expert's] testimony would have presented the

jury with an abstract theory having the potential to presumptively malign the testimony of [the minor victim] as the product of coercion in the absence of any evidence that such was the case.").

Second, it is unclear whether the proposed testimony will actually aid the jury. Experts cannot express opinions "on issues that are committed exclusively to the finder of fact." 5 Jack B. Weinstein & Margaret A. Berger, WEINSTEIN'S FEDERAL EVIDENCE, § 702.03[3] (Joseph M. McLaughlin, ed., Matthew Bender 2d ed. 2011). Determining the credibility of witnesses is a function for the jury, and it is incumbent on the Court to ensure that Dr. Lowenstein's testimony does not infringe on this key function.

Finally, it is unclear whether the proposed testimony is reliable. The defendant has not articulated how Dr. Lowenstein reached his conclusions in this case, nor has he disclosed the methods and techniques Dr. Lowenstein relied upon in reaching his conclusions. This Court cannot perform an evaluation of the proposed expert's reliability without a clear articulation of what the expert's opinions are and the bases for those opinions.

For all of these reasons, absent exclusion of the testimony under Rule 16(d), an immediate *Daubert* hearing is needed.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant this motion and exclude the proposed testimony of Dr. Lowenstein, or in the alternative, to hold an immediate *Daubert* hearing to determine its admissibility.

Respectfully Submitted,

BENJAMIN C. GLASSMAN
United States Attorney

*s/Christy L. Muncy*
CHRISTY L MUNCY (KY 88236)
KENNETH L. PARKER
Assistant United States Attorneys
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513) 684-3711
Fax: (513) 684-6972
E-mail: Christy.Muncy@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on this 24th day of May 2019, a true and correct copy of the foregoing Government's Motion to Exclude the Testimony of Proposed Expert Dr. David Michael Lowenstein was served, via ECF, on counsel of record.

BENJAMIN C. GLASSMAN
United States Attorney

*s/Christy L. Muncy*
CHRISTY L MUNCY (KY 88236)