# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:16-cr-036 |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| JORY LEEDY, | : | |
| | : | |
| Defendant. | : | |

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

This criminal case is before the Court on Defendant Jory Leedy's motion pursuant to Fed. R. Civ. P. 59(e), seeking reconsideration of this Court's Order (Doc. 142) denying Defendant's 28 U.S.C. § 2255 motion to vacate (Doc. 135). (Doc. 143).[1]

## I. BACKGROUND[2]

On June 3, 2019, Defendant Jory Leedy appeared before this Court and pleaded guilty to a charge of aggravated sexual abuse of a child under the age of twelve, in

---

[1] Defendant specifically asks that a U.S. Magistrate Judge reconsider this District Court's Order denying Defendant's § 2255 motion. (Doc. 143 at 1). However, a Magistrate Judge cannot reconsider or set aside a District Judge's ruling. *See* 28 U.S.C. § 636. Rather, a District Judge may refer a post-conviction motion to a Magistrate Judge; but such a referral would only permit the Magistrate Judge to issue a recommendation for the District Judge's ultimate consideration. 28 U.S.C. § 636(b)(1). In other words, the undersigned District Judge would be the one to ultimately resolve Defendant's motion, regardless of whether or not the motion is first referred to a Magistrate Judge. And, significantly, this Court is in the best position to reconsider its own Order in the first instance. Accordingly, the Court finds no reason to needlessly expend judicial resources, nor prolong this matter further, by referring Defendant's motion for reconsideration.

[2] This Court issued numerous substantive Orders during the pretrial proceedings, all of which detail the factual and procedural background of this case. (*E.g.*, Docs. 46, 78, 81, 83, 86, & 117). The Court's most recent Order denying Defendant's § 2255 motion provides a detailed overview of the procedural posture to date. (Doc. 142). For purposes of this Order, to provide sufficient context, the Court will restate <u>some</u> but not all of the facts.

violation of 18 U.S.C. § 2241(c), charged in Count 2 of the Superseding Indictment. (Min. Entry, Jun. 3, 2019). As charged, Count 2 carried a mandatory minimum term of 30 years imprisonment up to life, unless the Court determined that Defendant's 2002 state court conviction—*i.e.*, gross sexual imposition involving a child under the age of 13—constituted a predicate offense for purposes of the statutory sentencing enhancement, which enhancement would require the Court to impose a mandatory life sentence. (Doc. 51); 18 U.S.C. § 2241(c).

However, Defendant entered his plea pursuant to a Rule 11(c)(1)(C) plea agreement, which agreement provided a proposed binding sentence of 30 years imprisonment, at least five years of supervised release, as well as the dismissal of the remaining counts in the Superseding Indictment (*i.e.*, Counts 1 and 3).[3] (Doc. 105)

Under the terms of the plea agreement, Defendant further agreed to waive his rights to appeal and collateral attack, with the exception of claims of ineffective assistance of counsel or prosecutorial misconduct. (*Id.* at 3, ¶ 10).

During the plea hearing, following a thorough Rule 11 colloquy, this Court accepted Defendant's plea of guilty and made a finding of guilty, but deferred acceptance

---

[3] Counts 1 and 3 charged two additional counts of aggravated sexual abuse of a child under the age of twelve, in violation of 18 U.S.C. § 2241(c), relating to two other victims. (Doc. 51). Count 3 carried the same statutory penalties as Count 2 (*i.e.*, 30 years to life, with the possibility of a mandatory life sentence). *See* 18 U.S.C. § 2241(c). However, Count 1 carried a possible sentence of "any term of years or life," as this was the statutory penalty available during the period of 1999-2001, when the conduct in Count 1 was alleged to have occurred. (Doc. 51 at 1); 18 U.S.C. § 2241(c) (eff. Oct. 30, 1998 to Jan. 4, 2006).

of the parties' proposed binding sentence until the Court received and reviewed the Presentence Investigation Report ("PSR"). (Doc. 110).

On September 30, 2019, the Court received *pro se* communications from Defendant, asking to withdraw his guilty plea and requesting the appointment of new counsel. (*See* Min. Entry, Oct. 22, 2019; Doc. 142 at 6). The Court granted a substitution of counsel on October 22, 2019, and permitted new counsel time to submit a formal motion for Defendant to withdraw his plea. (Doc. 109; Min. Entry, Oct. 22, 2019; Doc. 111). After briefing was completed, this Court denied Defendant's motion to withdraw his plea. (Doc. 117).

Thereafter, Defendant's PSR preparation was completed (Doc. 121), and the case proceeded to sentencing on June 10, 2021 (Min. Entry, Jun. 10, 2021).

At the time of sentencing, the Court addressed and overruled Defendant's objections to the PSR and his continuing request to withdraw his plea. (*Id.*) The Court accepted the Rule 11(c)(1)(C) plea agreement's proposed binding sentence and, accordingly, sentenced Defendant to 360 months imprisonment, followed by ten years of supervised release. (*Id.*; Doc. 124).

Following entry of his Judgment of Conviction, Defendant filed a timely Notice of Appeal to the Sixth Circuit Court of Appeals on June 24, 2021. (Doc. 126); *United States v. Jory Leedy*, No. 21-3573 (6th Cir., Jun. 24, 2021).

On November 15, 2021, Defendant's appointed appellate counsel filed an *Anders* brief and a motion seeking leave to withdraw as counsel. (*Id.* at 6th Cir. Docs. 23, 24).

Defendant then proceeded to submit a number of *pro se* requests and responsive pleadings on appeal. (*Id.* at 6th Cir. Docs. 25, 27, 28, 32, 33, 34, 35).

In his *pro se* responsive briefs, Defendant asserted claims relating to: (1) this Court's denial of his motion to reconsider dismissal for prosecutorial misconduct and his motion to dismiss on speedy trial grounds; (2) ineffective assistance of counsel—specifically as to alleged errors resulting in the exclusion of the defense's proposed expert witness; (3) prosecutorial misconduct; and (4) the validity of the arrest warrant. (*Id.* at 6th Cir. Docs. 28, 33, 34).[4]

On April 19, 2022, the Sixth Circuit issued its decision granting Defendant's appellate counsel leave to withdraw, denying the appointment of new appellate counsel, and dismissing Defendant's appeal as frivolous. (Doc. 133).[5]

Specifically, the Sixth Circuit's Order explained that Defendant entered a valid, unconditional guilty plea, and thereby waived any constitutional violations that may have occurred prior to his plea of guilty. (*Id.* at 7) (citing *United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). The Sixth Circuit noted that Defendant's plea agreement included an express appellate waiver, and further determined, upon *de novo* review, that Defendant was bound by the appellate

---

[4] Defendant's briefs, which were submitted as "responses" to the *Anders* brief, specifically identified the issues Defendant believed warranted consideration on appeal. *See Leedy*, No. 21-3573 (Docs. 28, 33, 34, 35).

[5] The Sixth Circuit's Order was filed as Doc. 36 on the appellate court docket. *See Leedy*, No. 21-3573 (Doc. 36, Apr. 19, 2022), and an identical copy was filed on the district court docket at Doc. 133. The Court will cite to the Sixth Circuit's Order as Doc. 133 going forward.

4

waiver, having entered into the agreement knowingly and voluntarily. (Doc. 133 at 3-4). Additionally, upon reviewing this Court's decision to deny Defendant's motion to withdraw his plea, the Sixth Circuit concluded that "any assertion that the district court abused its discretion when it denied [Defendant's] motion to withdraw his guilty plea would be frivolous." (*Id*. at 8-10). Thus, the Sixth Circuit declined to consider Defendant's claims relating to discovery, speedy trial, and the arrest warrant, having determined that Defendant "entered an unconditional guilty plea without reserving the right to appeal any pre-plea issues, except ineffective assistance of counsel and prosecutorial misconduct …." (*Id*. at 7-8).

As to the two excepted categories of claims, the Sixth Circuit declined to consider Defendant's ineffective assistance of counsel claims further, as the claims were premature on direct appeal. (*Id*. at 4-5). And as to the question of prosecutorial misconduct, the Sixth Circuit reviewed the trial court record (specifically referencing the several filings Defendant cited in his responsive briefs), and concluded that an appeal of the issue would be "wholly frivolous" and "would surely fail on the merits." (*Id*.)

In sum, the Sixth Circuit ruled that it had "thoroughly reviewed the record in this case and discovered no error warranting reversal of the district court's judgment[,] … [and] that there are no issues of arguable merit present in [Defendant's] appeal." (*Id*. at 11). Accordingly, the Sixth Circuit granted Defendant's appellate counsel leave to withdraw, denied Defendant appointment of new appellate counsel, and affirmed this Court's judgment. (*Id*.)

Following the dismissal of his appeal, Defendant timely filed a motion to vacate, pursuant to 28 U.S.C. § 2255 on July 12, 2022. (Doc. 135). And although the Court had not ordered a responsive brief, the Government initially indicated its intent to respond to Defendant's motion. Specifically, the Government sought and was granted three extensions of time to file a response in opposition. (Docs. 136, 137, 139; Not. Orders, Aug. 1, 2022, Aug. 30, 2022, Sep. 16, 2022). However, no response was filed. Having received no response, Defendant moved for default judgment. (Doc. 140).

On May 16, 2023, this Court issued an Order denying Defendant's § 2255 motion. (Doc. 142). In the context of that Order, the Court further denied Defendant's motion for default judgment. (*Id*. at 1, n.1). Specifically, the Court ruled that:

> Defendant's § 2255 motion (Doc. 135) shall be decided on its merits, with or without a response from the Government. Moreover, pursuant to Rule 5(a) Governing § 2255 Proceedings, the Government "is not required to answer [a § 2255] motion unless a judge so orders." Here, the Government expressed its independent intent to respond and was given additional time to do so. But the Court did not order the Government to respond as an initial matter and, therefore, finds no basis to penalize the Government for failing to file a response that was never required in the first instance. Accordingly, Defendant's motion for default judgment is DENIED. (Doc. 140).

(Doc. 142 at 1, n.1).

On June 16, 2023, Defendant filed the instant motion, pursuant to Fed. R. Civ. P. 59(e), for reconsideration of the Court's Order denying his § 2255 motion. (Doc. 143).

6

## II. STANDARD OF REVIEW

A motion for reconsideration of an order denying relief under 28 U.S.C. § 2255 "is properly analyzed as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e)." *Chapman-Sexton v. United States*, No. 2:16-CR-141, 2022 WL 203511, at *1 (S.D. Ohio Jan. 24, 2022) (citations omitted). "To prevail on a Rule 59(e) motion, Petitioner must show: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Id.* (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)).

"A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case." *United States v. Watkins*, No. 1:16-CR-089, 2022 WL 4545246, at *2 (S.D. Ohio Sept. 29, 2022) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). Rather, "[t]he purpose of Rule 59(e) is 'to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings.'" *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate,* 858 F.2d 322, 326 (6th Cir. 1988)).

## III. ANALYSIS

In his motion for reconsideration, Defendant argues that he is entitled to relief under Fed. R. Civ. P. 59(e) to correct clear errors of law and manifest injustice relating to the Court's Order denying his §2255 motion. (Doc. 143). Defendant's primary point of contention, however, is that, given the Government's decision not to respond, the Court should have deemed all contrary arguments waived and construed Defendant's § 2255 as unopposed. In sum, Defendant's argument is that, if the Government had filed a

7

response, Defendant would have had the opportunity to reply; but because the Court ruled on the merits of the motion without a response from the Government, Defendant did not have the opportunity to be heard. (*Id.* at 2-16). Defendant also argues that the Court should have referred his § 2255 motion to a Magistrate Judge to issue a Report and Recommendation, which referral would have also given Defendant an opportunity to respond (*i.e.*, to file objections to the Report and Recommendation). (*Id.* at 16-17).

### A. Clear Error of Law[6]

To start, Defendant argues that the Court erred by not construing the § 2255 motion as unopposed and treating any contrary arguments as waived. (*Id.* at 2-3). This argument lacks merit.

Pursuant to Rule 4(a) and (b) Governing § 2255 Proceedings, after a § 2255 motion is filed, the <u>sentencing Judge</u> must conduct a preliminary review and must dismiss the motion if relief is unwarranted. Rule 4(b) further states that the Judge must order a response from the Government only if the motion survives the preliminary review process. And, as this Court explained in its Order denying Defendant's § 2255 motion, "pursuant to Rule 5(a) Governing § 2255 Proceedings, the Government 'is not required to answer [a § 2255] motion unless a judge so orders.'" (Doc. 142 at 1, n. 1).

In other words, the Government can, but is not obligated to respond to the motion during the preliminary review process. But the decision not to respond, particularly

---

[6] To be clear, Defendant's actual arguments are that the Court's rulings were an "abuse of discretion," which standard effectively undermines the notion that Defendant is asserting a "clear error of law." (Doc. 143 at 2, 14, 16). Nevertheless, rather than deny the motion summarily, the Court will address the substance of Defendant's argument, as if raised under the correct standard.

8

absent an order of the Court, does not render Defendant's motion unopposed. Rather, by not volunteering a response to Defendant's motion, what the Government is "waiving" is its <u>preliminary</u> opportunity to be heard, not its opposition to the motion. Indeed, common sense dictates that the Government—having filed charges, prosecuted the case, and secured a conviction—would be very much opposed to a motion to vacate. Thus, Rule 5(a) Governing § 2255 Proceedings logically assumes the motion is opposed and does not require any further showing unless and until the Court orders the Government to respond.

Having said that, Defendant's argument is meritless for a more fundamental reason. That is, even on an unopposed motion, the Court is <u>not</u> obligated to grant relief. Indeed, the Government could have joined in Defendant's motion, and the Court would <u>still</u> have an independent obligation to consider the merits of the motion before issuing a ruling. Similarly, if the Government had responded in opposition but raised entirely erroneous arguments of facts and law, the Court would not be bound by those arguments. The Court has a duty to correctly apply the law to the facts and issue its ruling on Defendant's substantive motion—and that duty is in no way contingent upon what the Government says or does not say.

Defendant further argues that the Court, in lieu of requiring a response, "took the side of the Government and *sua sponte* raised its own defenses." (Doc. 143 at 3). Again, the Court has an obligation to consider and resolve Defendant's motion on the merits and to state the factual and legal basis for its decision. That is precisely what the Court did here. In short, the Court does not take sides, assert defenses, nor make arguments—it issues rulings independently, based on the facts and the law, as set forth in its written

Order. And Defendant has no procedural or substantive right to respond in opposition to the Court's rulings or rationale prior to issuance of the Order. Rather, if Defendant believes the Court's issued decision is erroneous, he may seek correction of the error through a motion for reconsideration, or Defendant may appeal.[7] But Defendant's assertion that he effectively should have been given a second bite at the apple—*i.e.*, an opportunity to argue in opposition to the Court's application of facts and law before a final Order issues—is without merit.

Defendant goes on to specify examples of alleged errors in the Court's Order. However, Defendant's examples are alleged errors of fact, not errors of law. Indeed, his primary argument is as to a statement in the Court's recitation of the case's procedural posture, and is entirely unrelated to the Court's analysis. In any event, the Court stands by its factual recitation and legal analysis. The Court's ruling is amply supported by the factual record and the law, all of which is detailed and cited in the Court's Order. And, despite Defendant's contention otherwise, this Court did read the entirety of his motion and exhibits—the Court simply found that Defendant's characterization of events was unsupported by the evidence and that Defendant's arguments failed as a matter of law.[8] And, again, the Court's reasoning is thoroughly set forth in its Order.

---

[7] The Court acknowledges that it failed to address the issue of a Certificate of Appealability in its § 2255 Order. (Doc. 142). The Court will do so in its Conclusion, *infra*.

[8] Some of Defendant's exhibits (*e.g.*, the law enforcement interviews with the victims' parents) were not introduced into evidence during the trial court proceedings and are not a part of the trial court record. But the Court extended Defendant the benefit of assuming that the exhibits (which were neither the original nor the complete transcripts, but rather Defendant's own re-typed excerpts) were entirely accurate. The Court still found Defendant's arguments unpersuasive.

But even to the extent that some of Defendant's examples can be construed as assertions of legal error, the arguments fail. To start, Defendant seizes upon a preliminary statement in the Court's § 2255 Order, in which the Court stated that because "much of Defendant's claims assert wrongdoing by either trial counsel or the prosecutor, based on issues that this Court substantively addressed and rejected in resolving Defendant's pretrial motions … the Court will not entertain the re-litigation of these issues and will, instead, simply refer to its prior Orders." (Doc. 142 at 11-12; Doc. 143 at 4). Defendant asserts that the Court was obligated to substantively reconsider these pretrial issues because, according to Defendant, his plea agreement "explicitly preserved [his] right to raise these issues in a habeas proceeding." (Doc. 143 at 4). This is not accurate.

Indeed, the Sixth Circuit has already addressed this issue and upheld the validity of Defendant's plea and his plea agreement, including the appellate and collateral attack waivers. Specifically, the Sixth Circuit held that Defendant entered a valid, unconditional guilty plea, and thereby waived any constitutional violations that may have occurred prior to his plea of guilty. (Doc. 133 at 7) (citing *United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). Accordingly, the Sixth Circuit declined to consider Defendant's claims relating to discovery, speedy trial, and the arrest warrant, because Defendant "entered an unconditional guilty plea without reserving the right to appeal any pre-plea issues, except ineffective assistance of counsel and prosecutorial misconduct …." (*Id*. at 7-8).

11

As clearly and unambiguously set forth in the plea agreement, and as Defendant ultimately acknowledges in his motion for reconsideration, Defendant only preserved the right to raise claims of ineffective assistance of counsel and prosecutorial misconduct. (Doc. 105 at 3, ¶ 10). Defendant did not preserve the right to seek full reconsideration of the Court's prior Orders. Moreover, Defendant's understanding of this scope is amply demonstrated by the fact that his § 2255 motion solely raised claims of ineffective assistance of counsel and prosecutorial misconduct.[9] Thus, in line with the scope of Defendant's collateral attack waiver, the Court considered each and every one of Defendant's asserted § 2255 claims under the framework of *Strickland* and the applicable prosecutorial misconduct case law. (Doc. 142). Therefore, the Court finds no error in its statement that it will not relitigate pretrial issues. And, in any event, the Court stands by all of its prior rulings. Accordingly, there is no error to correct.

Defendant further alleges that the Court erred by not referring his § 2255 motion to a Magistrate Judge and not conducting a hearing before issuing its decision. As the Court has already explained, Defendant has no absolute right to have his motion heard by a U.S. Magistrate Judge. *See* Rule 8(b) Governing § 2255 Proceedings ("A judge may, under 28 U.S.C. § 636(b), refer the motion to a magistrate judge …") (emphasis added). Indeed, the option to refer motions to the Magistrate Judge is intended to assist and accommodate the Court. But here, this Court is abundantly familiar with Defendant's

---

[9] The Court's Order denying Defendant's § 2255 motion also fully addressed validity of Defendant's guilty plea, particularly as it applies to the appellate and collateral attack waivers, under the framework of an ineffective assistance of counsel claim. (Doc. 142 at 26-33).

12

case. Therefore, a referral would have been of no assistance to the Court and, in fact, would have heavily undermined the interests of efficiency and preserving judicial resources. Additionally, Defendant is not entitled to an evidentiary hearing as a matter of right and, in fact, the Court need only consider whether a hearing is warranted if the motion survives preliminary review. *See* Rule 8(a) Governing § 2255 Proceedings. Regardless, here, the record was more than sufficient to allow the Court to address Defendant's motion. And the Court determined that no hearing was warranted.

### B. Manifest Injustice

Finally, Defendant restates each of his prior arguments, asserting that the culmination of the alleged errors resulted in manifest injustice—*i.e.*, the Court's denial of the § 2255 motion. (Doc. 143 at 17). As the Court has already stated, however, nothing that Defendant has raised amounts to an error on any level. The Court thoroughly addressed and resolved each of Defendant's § 2255 claims, and the Court's ruling is supported by the facts and the law. Defendant was not entitled to an evidentiary hearing, nor was he entitled to rebut the Court's recitation of the facts of record or the Court's legal analysis. And Defendant certainly was not entitled to have the Court summarily grant his non-meritorious motion, simply because the Government elected not to volunteer a response during the Court's preliminary review process.

Accordingly, the Court finds no manifest injustice in either the process or outcome of Defendant's § 2255 motion. Thus, no relief is warranted.

## IV. CONCLUSION

Based upon the foregoing:

(1) Defendant's motion for reconsideration (Doc. 143) is **DENIED**; and

(2) As to Defendant's 28 U.S.C. § 2255 motion (Doc. 135) and Defendant's motion for reconsideration (Doc. 143), the Court finds that any appeal would be objectively frivolous, and that jurists of reason would not disagree with the Court's resolution of Defendant's constitutional claims nor would jurists conclude that "the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, the Court **DENIES** the issuance of a certificate of appealability, pursuant to 28 U.S.C. § 2253(c).

**IT IS SO ORDERED.**

Date: 8/1/2023

Timothy S. Black
United States District Judge